IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME KARP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 3803 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant United States of America's motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

On August 10, 2012, Plaintiff Jerome Karp (Karp) allegedly entered a post office in Chicago, Illinois (Post Office). Karp allegedly mailed a package, left the Post Office, and then reentered the Post Office to mail a letter. Karp contends that the edge of a floor Runner (Runner) inside the Post Office was not properly held down and that, as a result, he tripped and fell, injuring himself (Accident). Karp brought the instant action and included in his complaint a negligence claim and a

1

premise's liability claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et *seq.* Defendant now moves for summary judgment on both claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000)

# DISCUSSION

I.  Negligence Claim

Defendant argues that the record fails to demonstrate any negligence on its part.  A plaintiff bringing a negligence claim under Illinois law must establish: (1) the "existence of a duty owed by the defendant to the plaintiff," (2) "a breach of that duty," and (3) an "injury proximately resulting from the breach." *Bruns v. City of Centralia*, 21 N.E.3d 684, 688 (Ill. 2014).  Defendant contends that there is no evidence that the Runner was negligently placed or maintained.  Karp argues that the Runner needed to be taped to the floor and that, without such tape, it presented a dangerous situation.

Karp contends that this case is similar to *Wind v. Hy-Vee Food Stores, Inc.*, 650 N.E.2d 258 (Ill. App. Ct. 1995).  (Resp. SJ 4).  In *Wind*, the plaintiff alleged that the floor mats in question were poorly maintained and were not repaired or removed when appropriate.  *Id.* at 263.  Karp, however, has not presented any evidence showing that the Runner had been damaged or needed repair at the time of the Accident.  Nor has Karp pointed to any evidence showing that Post Office personnel failed to regularly maintain the Runner and other mats in the Post Office or remove them when needed.  Karp has presented photographs (Photos) from surveillance videos at the Post Office as evidence in this case and such Photos do not indicate that the Runner was damaged or in disrepair in any way.  The Photos show that the Runner lied flat on the floor.

Karp also contends that this case is similar to *Caburnay v. Norwegian Am. Hosp.*, 963 N.E.2d 1021 (Ill. App. Ct. 2011). (Resp. SJ 4). Karp is correct that some of the facts in *Caburnay* are similar to the facts in this case. In *Caburnay*, the plaintiff tripped on a fold in a floor mat. *Id.* at 1023. The plaintiff argued that the floor mat was "prone to buckling" and should have been taped to the floor. *Id.* at 1031-32. Similarly in this case, Karp claims to have tripped on the Runner, which he contends was prone to movement and buckling and should have been taped to the floor. However, in *Caburnay* there was sufficient evidence presented at the summary judgment stage to support the plaintiff's theory that the floor mat was prone to buckling. *Id.* The plaintiff himself gave testimony as to his sensory perceptions at the time of the accident that supported his opinions. *Id.* at 1026-30. In addition, there was testimony from a manager of housekeeping, and testimony from another employee who worked in the same area supporting the plaintiff's contention that the floor mat regularly buckled. *Id.* at 1026, 1032. The plaintiff also presented evidence from an expert witness supporting the plaintiff's theory that the floor mat was prone to buckling and should have been taped to the floor. *Id.* at 1032-33.

Unlike in *Caburnay*, Karp has failed to point to sufficient evidence to support his theory in this case. While this court does not weigh the evidence at the summary judgment stage, Karp is required to point to sufficient evidence before he can proceed to trial. *Insolia*, 216 F.3d at 599. Karp's deposition testimony indicates that he did not take any notice of the Runner prior to the Accident and that he was so distracted with his injuries that he did not take any notice of the Runner after the

Accident. (K. Dep. 15-20). Karp thus cannot supply any first-hand observations in regard to the Runner. Nor has Karp presented any expert witness or other witnesses that observed the Runner to support his theory. Defendant contends that the Runner had rubber backing, which would indicate that it would be resistant to movement and buckling. (SF Par. 1). In response Karp states that he "disagrees with Defendant in that [Karp] does not know if the rug had a rubber backing." (R SF Par. 1). Karp, however, fails to cite any evidence to support his denial of such a fact. (R SF Par. 1). Thus, pursuant to Local Rule 56.1, it is deemed undisputed that the Runner had rubber backing. Karp asserts that the "physical nature of the [Runner] remains at issue. . . ." (Resp. 7). However, it was incumbent on Karp to gather the needed evidence concerning the Runner during discovery and point to evidence to support his position. Karp cannot proceed to trial and ask the trier of fact to speculate.

Even if the court accepted Karp's speculation that the Runner may not have had rubber backing, he fails to show negligence on the part of Defendant. Karp points at the Photos, which he asserts show that one patron (Patron) at the Post Office disturbed the edge of the Runner when walking over it. Karp contends that such evidence shows that the Runner was prone to buckling and movement on the floor. Karp contends that an Accident Report indicated the Runner was wet and damp. (SAF Par. 11). Karp admits though that there was no water on the floor at the time of the Accident. (R SF Par. 7). Even when giving Karp the benefit of the doubt that the Photos show that the Patron moved the edge of the Runner, any such movement was extremely minimal. The Photos do not show that the Patron

5

disturbed the Runner in a fashion that would indicate to a reasonable trier of fact that the Runner presented a dangerous condition or that Defendant breached a duty of care. (DE 13-4). Karp also points to the Photos, which he contends show buckling in the Runner and that the Runner moved and folded when he fell. (DE 13-2); (DE 13-3). Even when accepting Karp's opinion that the Photos show any such circumstances, they fall far short of indicating that the Runner presented a dangerous condition. *See Johnson v. United States*, 1999 WL 446694, at \*4 (N.D. Ill. 1999)(concluding that the photos presented by the plaintiff did "not demonstrate negligent placement because they d[id] not show defects in the mats or negligent placement of the mats"). The court has considered all the evidence in its totality pointed to by Karp and it falls far short of the evidence that would enable a reasonable trier of fact to hold Defendant liable for negligence. *See id.* at \*3 (concluding that the plaintiff failed to provide sufficient "evidence that the mat, which Plaintiff tripped on, was negligently placed on the floor" to defeat the defendant's motion for summary judgment). Karp cannot proceed to trial and ask the trier of fact to speculate that the Runner presented a dangerous condition. Therefore, Defendant's motion for summary judgment on the negligence claim is granted.

II. Premises Liability Claim

Defendant moves for summary judgment on the premises liability claim. For a premises liability claim brought under Illinois law, a plaintiff must establish: (1) that "the defendant knew about a condition on its premises causing an unreasonable risk

of harm to its customers," or (2) "that the defendant would have discovered such a condition by the exercise of reasonable care." *Porges v. Wal-Mart Stores, Inc.*, 2011 WL 939922, at *6 (N.D. Ill. 2011). In the instant action, as explained above, Karp has failed to point to sufficient evidence for a reasonable trier of fact to conclude that a dangerous condition existed in the Post Office creating an unreasonable risk of harm. In addition, there is not sufficient evidence to indicate that Defendant knew of any dangerous condition or should have known of such dangerous condition. The undisputed facts indicate that the Runner was of a dark color on a light floor in an open area at the Post Office and that Karp walked across it multiple times before the Accident. While it is unfortunate that Karp fell and was injured in the Post Office, he has not pointed to sufficient evidence to show that Defendant can be held responsible for his fall or his injuries. Therefore, Defendant's motion for summary judgment on the premises liability claim is granted.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 23, 2016